# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN WESLEY BLUM,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1703-Orl-31DAB**

**BREVARD COUNTY JAIL,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** November 15, 2005
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

In order to proceed *pro se*, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless "without arguable merit." *Sun v. Forrester*, 939

F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

As pled, Plaintiff sets forth no cognizable claim or ground for relief. Although Plaintiff has named the Brevard County Jail as the Defendant, the cause of action, as described by Plaintiff, is unclear. Plaintiff asserts that his "right to be released" within "twenty-four hours after the signed court order of release" was violated because he was told he would not be released on the shift of "Pvt. Connors (Coynors)" based on a "supposed paperwork problem. Doc. No. 1-1 at 7. He then requested to speak to the officer in charge and was denied. *Id.* Plaintiff was released the following day. *Id.* Plaintiff has sued the "Brevard County Jail," which is not an entity separate and distinct from Brevard County and cannot be sued.

Because it is possible for Plaintiff to amend the Complaint to sue the appropriate parties for his delayed release, it is **recommended** that the motion be **denied, without prejudice to reconsideration** and the Complaint be **dismissed,** with leave to amend within 11 days of any Order adopting this Report and Recommendation. Plaintiff is admonished that, if this Recommendation is adopted, failure to respond timely and appropriately may result in the termination of his litigation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 21, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy